IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 89–cr–50039–MJR |
| ) | |
| PAUL SCHNEIDER and MARLENE ) | |
| COX SCHNEIDER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM & ORDER

**REAGAN, District Judge:**

In 1990, Paul and Marlene Cox Schneider ("the Schneiders") were convicted in this Court of defrauding (and conspiring to defraud) two federal agencies. On direct appeal, the Seventh Circuit vacated their sentences and remanded. *See U.S. v. Schneider*, 930 F.2d 555 (7th Cir. 1991). District Judge William L. Beatty resentenced the couple, and (in 1994) denied Marlene Cox Schneider's § 2255 motion to set aside/correct her sentence.

Since then, the Schneiders have burdened the Court with myriad meritless filings. In the instant case, District Judge Beatty dealt with motions for new trial, for hearings, and to re-open the case for seven years after denying habeas relief. In 1996, on threshold review, District Judge Stiehl dismissed a civil complaint against the United States, the Department of Justice, former Attorney General Janet Reno and an Assistant United States attorney. *See Schneider v. United States*, No. 96-cv-0153-WDS. District Judge Riley dismissed Paul Schneider's 1997 civil rights case against over fifteen defendants on threshold review. *See Schneider v. City of Alton*, No. 97-cv-0244-PER. District Judge Murphy (upon whose recent retirement the instant case was transferred to the undersigned judge) dismissed a 1999 civil case against Alton Memorial Hospital and BJC Health System because

the Court lacked subject matter jurisdiction. *See Schneider v. BJC Health Sys.*, No. 99-cv-0645-GPM.[1] In 2004, District Judge Stiehl dismissed Paul Schneider's complaint against the City of Alton and several Alton police officers. *See Schneider v. City of Alton*, No. 04-cv-0194-WDS.[2] And in 2010, the undersigned remanded several state actions (which Paul Schneider removed after, it appeared, filing them in state court) for lack of subject-matter jurisdiction. *See People of the City of Alton v. Schneider*, No. 10-cv-0232-MJR. Before he left the bench, Judge Murphy—in denying frivolous motions (in this case) to transfer state cases to federal court and for a hearing—warned the Schneiders: "These frivolous and meritless motions are denied with a final reminder that repeated, baseless filings in this closed matter may warrant the Court to impose a filing bar or other sanction." (Doc. 167).

Now Marlene Cox Schneider has filed three motions in this 24-year-old criminal case: to proceed *in forma pauperis*, for recruitment of counsel, and for a due process hearing. Her motions **(Doc. 170, Doc. 171, Doc. 172)** are frivolous,[3] and are accordingly **DENIED**.

The Court offers one final warning to the Schneiders: any further frivolous filings will be met with monetary sanctions and, until those sanctions are paid, a filing bar. **See *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (extending the limits of *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), in which filing bars are authorized, past the previously articulated exemption for criminal and habeas cases). See also *In re City of Chi.*, 500 F.3d 582, 582 (7th Cir. 2007) ("Judicial patience has limits…").**

IT IS SO ORDERED.
DATE: **December 11, 2013**        s/ *Michael J. Reagan*
                                    **MICHAEL J. REAGAN**
                                    United States District Judge

---

[1] In Judge Murphy's case, Plaintiffs failed to appear to argue against the motion to dismiss. *Schneider v. BJC Health Sys.*, No. 99-cv-0645-GPM, Doc. 29.

[2] Pursuant to 28 U.S.C. § 1915, Judge Stiehl found Plaintiff's 2004 allegations fanciful, delusional, or wholly incredible, but dismissed the case pursuant to Federal Rule 41(b) because Paul Schneider made misrepresentations to the Court and failed to comply with orders directing him to amend his complaint.

[3] Mrs. Schneider's motions echo the contours of Mr. Schneider's 2004 suit, in which Judge Stiehl found his motion for recusal "contains nothing more than baseless and unsupported allegations of a general conspiracy in which every judge and law enforcement officer located in Southern Illinois is out to get him." No. 04-cv-0194-WDS, Doc. 15, 1.